IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KATHRYN MURRELL,

      Plaintiff,

  v.                                                      Civil Action 2:20-cv-2559
                                                       Magistrate Judge Jolson

TRANSAMERICA AGENCY
NETWORK, INC.,

      Defendant.

**OPINION AND ORDER**

This matter, in which the parties have consented to the jurisdiction of the Magistrate Judge for settlement-related matters (Doc. 11), is before the Court on the parties' Joint Motion for Settlement Approval and Order of Dismissal with Prejudice (Doc. 13). Upon review of the Joint Motion, supporting exhibits, and the Joint Stipulation of Settlement and Release ("Settlement Agreement"), and for good cause shown, the parties' Joint Motion is **GRANTED**. Specifically, the Court approves the Settlement Agreement and proposed attorney's fees and costs and **DISMISSES** this case **with prejudice**.

**I.    BACKGROUND**

Plaintiff brought this action on May 20, 2020, alleging that her former employer, Defendant Transamerica Agency Network, Inc., ("Transamerica") violated the Fair Labor Standards Act ("FLSA") and Ohio law. (Doc. 1). Specifically, she alleges that Defendant failed to compensate her for time spent engaging in pre- and post-shift job duties, as well as meal breaks that she was unable to take or that were otherwise interrupted by job duties. (*See generally id*.). Following their exchange of initial disclosures, the parties engaged in settlement negotiations and reached a

fully executed agreement. (Doc. 13-1). The parties now seek the Court's approval of their agreement. (Doc. 13).

## II. STANDARD

"District courts within this Circuit routinely require court approval of FLSA settlements[.]" *Chime v. Family Life Counseling & Psychiatric Servs.*, No. 1:19CV2513, 2020 WL 6746511, at *3 (N.D. Ohio Nov. 17, 2020). This is so even in a case like this one that "involves individual (as opposed to collective) claims." *Id.* (citing *Camp v. Marquee Constr., Inc.*, No. 2:18-CV-831, 2020 WL 59517, at *1 (S.D. Ohio Jan. 6, 2020) ("FLSA cases require court approval, even where only one litigant's rights are implicated.")).

"In reviewing a proposed FLSA settlement, 'a court must scrutinize the proposed settlement for fairness and determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Chime*, 2020 WL 6746511, at *3 (internal quotation marks and citation omitted) (citing *Snook v. Valley OB-GYN Clinic, P.C.*, No. 14-CV-12302, 2014 WL 7369904, at *2 (E.D. Mich. Dec. 29, 2014)). In determining fairness, six factors matter:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Chime*, 2020 WL 6746511, at *3 (quoting *Snook*, 2014 WL 7369904, at *2).

Importantly, "'[t]he court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case.'" *Chime*, 2020 WL 6746511, at *3 (quoting *Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 WL 2532922, at *3 (S.D. Ohio June 24, 2011)). In other words, "district courts must evaluate

FLSA settlements for fairness, and must not simply rubber-stamp them as approved." *Snook*, 2014 WL 7369904, at *1.

In addition to these factors, courts also consider the confidentiality of the proposed settlement agreement. *See Chime*, 2020 WL 6746511, at *4 (collecting cases). "Indeed, sealing FLSA settlements from public scrutiny could thwart the public's independent interest in assuring that employees' wages are fair." *Zego v. Meridian-Henderson*, No. 2:15-CV-3098, 2016 WL 4449648, at *1 (S.D. Ohio Aug. 24, 2016) (quotation marks and citations omitted).

### III. DISCUSSION

Up front, the Court notes that, while the Settlement Agreement contains a confidentiality provision (*see* Doc. 13-1 at 7), the parties publicly filed it without redactions. Accordingly, policy concerns regarding public access to FLSA settlements are not present. *Cf. Zego*, 2016 WL 4449648, at *2 (quotation marks and citation omitted) (noting that "[a]bsent an extraordinary reason, such settlement agreements should not be sealed"); *Snook*, 2014 WL 7369904, at *3 (holding that "the argument that the Settlement Agreement at issue includes a confidentiality provision is insufficient to overcome the presumption of public access" and directing the parties to file the proposed settlement agreement on the docket).

Another initial matter. The Joint Motion and Plaintiff's Complaint establish that the parties have a bona fide dispute. *See Snook*, 7369904 WL, at *1. Specifically, they disagree as to whether Defendant paid Plaintiff for all the hours she worked. (*See generally* Docs. 1, 13). Indeed, Plaintiff's counsel attests that "[t]he parties continue to disagree over the merits of Plaintiff's claims." (Doc. 13-2, ¶ 17). Accordingly, "the Court is satisfied that [Plaintiff's] FLSA [and state law] claims were actually and reasonably in dispute." *Snook*, 7369904 WL, at *1.

3

As for the terms of the Settlement Agreement, the parties agree that Defendant will pay Plaintiff a total award of $14,058.71. (*See* Doc. 13-1 at 3; Doc. 13-3, ¶ 4). Of that total award, Plaintiff shall receive $6,158.71. (*See* Doc. 13-1 at 3; Doc. 13-3, ¶ 4). Plaintiff will pay the remaining $7,900.00 in attorney's fees and costs to her lawyers. (*See* Doc. 13-1 at 3; Doc. 13-3, ¶ 4). Plaintiff attests that the attorney's fees and costs "were not taken out of [her] payment but were demanded separately and in addition to [her] damages." (Doc. 13-3, ¶ 4). In exchange for payment and subject to this Court's approval, the parties agree that this case should be dismissed with prejudice. (*See* Doc. 13-2, ¶ 14).

Upon review of the Settlement Agreement, the Court finds it to be a fair and reasonable compromise of Plaintiff's bona fide disputed claims. In reaching this conclusion, the Court has considered the complexity of the case, the expense and likely duration of litigation, and the likelihood of success on the merits. *Chime*, 2020 WL 6746511, at *3. Specifically, the settlement reflects the value of Plaintiff's claims. The parties used Plaintiff's payroll and timekeeping records, as well as raw login data, to reach a "fair and equitable calculation of actual damages." (Doc. 13 at 3). Plaintiff is also receiving liquidated damages equal to fifty percent of the claimed damages. (*Id*.).

Additionally, there is no evidence of fraud or collusion. Rather, upon exchange of initial disclosures, and Defendant's assertion that Plaintiff's claims "are unfounded" or, at the very least, "de minimis," the parties recognized the "complexity, expense, and duration of continued litigation." (Doc. 13-2, ¶ 17); *see, e.g.*, *Robinson v. Sheppard Performance Grp., Inc.*, No. 19-CV-12228, 2020 WL 619603, at *3 (E.D. Mich. Feb. 10, 2020) ("The parties explored, through the assistance of their experienced counsel, the best and worst case scenarios for each party and arrived at settlement amounts deemed fair by all.").

Finally, regarding attorney's fees and costs, the Court finds that Plaintiff's counsel's fee, costs, and expenses in the amount of $7,900.00 is reasonable. "'A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys.'" *Batista v. Tremont Enter.*, No. 1:19CV361, 2019 WL 3306315, at *2 (N.D. Ohio July 22, 2019) (alterations in original) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). Pertinent here, FLSA fee awards "have been viewed as fair even when the attorneys' fees exceeded plaintiff's recovery." *Williams v. K&K Assisted Living LLC*, No. 15-CV-11565, 2016 WL 319596, at *2 (E.D. Mich. Jan. 27, 2016); *see also Batista*, 2019 WL 3306315, at *2 ("Although the attorneys' fees exceed Plaintiff's award, this is neither uncommon nor unreasonable.").

Plaintiff's counsel in this case devoted roughly 27 hours to this matter at an hourly rate of $300–$350 and subsequently reduced their fees by at least $1,475. (Doc. 13-2, ¶¶ 21–24). The Court concludes that the attorney's fees here are reasonable for the work performed and the result obtained. And while Plaintiff's attorney's fees and costs are "slightly greater" (by $1,741.29) than her settlement award, "it does not alter the conclusion that the settlement arrangement is in fact fair and reasonable." *Lakosky v. Disc. Tire Co.*, No. 14-13362, 2015 WL 4617186, at *2 (E.D. Mich. July 31, 2015). As Plaintiff's counsel attests, absent settlement in this case, counsel would have vigorously litigated the case "without any promise of success and compensation," and "[t]his risk of non-payment also supports the attorneys' fees requested." (Doc. 13-2, ¶ 20).

### IV. CONCLUSION

In sum, the Court approves the Settlement Agreement and **ORDERS** that the Settlement Agreement be implemented according to its terms and conditions. Additionally, the Court approves the payment of attorney's fees and expense reimbursements to Plaintiff's counsel as provided in the Joint Motion and Settlement Agreement and **ORDERS** that such payments be

distributed in the manner, and subject to the terms and conditions set forth in the Settlement Agreement. Further, upon agreement by the parties, this case is **DISMISSED with prejudice**. The Court shall retain jurisdiction over this case for purposes of administration or enforcement of the Settlement Agreement.

    IT IS SO ORDERED.


Date:  January 14, 2021                                        /s/ Kimberly A. Jolson
                                                                                 KIMBERLY A. JOLSON
                                                                                 UNITED STATES MAGISTRATE JUDGE